# T. & H. SMITH & CO.
## v.
# CHARLES YARGO.

*Attachment—Jurisdiction of County Court—Judgment against Real Property—Statutes.*

A County Court has jurisdiction to enter a judgment in attachment against real estate, although the defendant is not personally served.

### [Opinion filed May 25, 1888.]

APPEAL from the Circuit Court of Cumberland County; the Hon. JAMES F. HUGHES, Judge, presiding.

Mr. JAS. L. RYAN, for appellants.

Mr. P. A. BRADY, for appellee.

CONGER, P. J. This was a suit in attachment in the County Court, with a levy upon real estate.

The court dismissed the suit upon the ground that it had no jurisdiction in attachment cases where real estate was levied upon, there having been no personal service upon the defendant in attachment.

The action was based upon a promissory note, executed by appellee to appellants; the proceedings were regular, but it is insisted by appellee that County Courts have no jurisdiction to award a judgment in attachment against real estate and that when no personal service is had the court is without jurisdiction, and must dismiss the suit. This seems to have been the view of the court below. Sec. 95, Chap. 37, R. S., says: "The County Courts shall have concurrent jurisdiction with the Circuit Courts in all that class of cases wherein justices of the peace now have, or may hereafter have jurisdiction, where the amount claimed, or the value of the property in controversy, shall not exceed one thousand dollars." * * *

Smith v. Yargo.

This, referring as it does to Sec. 13, Chap. 79, wherein justice's jurisdiction is defined, clearly gives County Courts concurrent jurisdiction with the Circuit Courts in actions upon promissory notes, when the amount does not exceed $1,000.

By Sec. 202 of Chap. 37, it is provided that "the process, practice and pleadings in said court (County Court) in common law cases shall be the same as in the Circuit Court in similar cases."

The County Court having concurrent jurisdiction with the Circuit Court of this class of cases, *i. e.*, actions upon contracts, is not limited in its method of enforcing its judgment as is a justice, to personal property, but may issue the same process as the Circuit Court.

This power would be inferred from the language of the section giving such courts "concurrent jurisdiction with the Circuit Courts," but we think is clearly given in the section prescribing that the process and practice in County Courts shall be the same as in Circuit Courts in similar cases.

In the attachment act it is provided that in *any court of record* having competent jurisdiction an attachment may issue which shall be levied upon the lands of the debtor. Hence it is only necessary to inquire in the present case whether the County Court had competent jurisdiction over the subject-matter of the suit, it, of course, being a court of record, to determine whether it might proceed under the attachment act to enforce the collection of the debt in all the ways pointed out by the attachment act.

With a justice of the peace it is different; while he has jurisdiction of the same subject-matter within the prescribed amount, the same as the County Court, he is, by the attachment act, limited to issuing writs of attachment against the personalty of the debtor.

The judgment of the County Court will be reversed, and the cause remanded.

*Reversed and remanded.*